United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 16-14191-mdc
John Mancini                                                            Chapter 13
Dolores Mancini
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Denine              Page 1 of 1             Date Rcvd: Dec 13, 2016
                              Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 15, 2016.
db/jdb         +John Mancini,   Dolores Mancini,   2031 Lockwood Lane,   Feasterville Trevose, PA 19053-2424

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 15, 2016                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 13, 2016 at the address(es) listed below:
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor   U.S. Bank National Association, not in its
               individual capacity, but solely as Trustee for the RMAC Trust, Series 2011-2T
               bkgroup@kmllawgroup.com,    bkgroup@kmllawgroup.com
              PAUL H. YOUNG    on behalf of Debtor John  Mancini ykassoc@gmail.com,   ykaecf@gmail.com,
               paullawyers@gmail.com,pyoung@ymalaw.com
              PAUL H. YOUNG    on behalf of Joint Debtor Dolores  Mancini ykassoc@gmail.com,   ykaecf@gmail.com,
               paullawyers@gmail.com,pyoung@ymalaw.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                               TOTAL: 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                                        :   Chapter 13
    John Mancini and Dolores Mancini,      :
                      Debtors.  :   Bankruptcy No. 16-14191-MDC

# O R D E R

    **AND NOW**, upon consideration of the Application for Compensation of Attorney's Fees (the "Application")[1] filed by Paul H. Young (the "Applicant"), counsel to John Mancini and Dolores Mancini (the "Debtors"), in which the Applicant requests the allowance of compensation in the amount of $3,500.00 and the reimbursement of expenses in the amount $0.00.

    **AND**, the Applicant having been paid $2,000.00 by the Debtors prior to the filing of the petition (the "Pre-Paid Amount").

    **AND**, the Applicant certified that proper service has been made on all interested parties.

    **AND**, the Applicant filed a certification of no response.

    **AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc*., 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

    **AND**, the Court of Appeals also has instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief."

---

[1] Bankr. Docket No. 22.

**AND**, this case involves the representation of below-median debtors. S*ee generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median); Official Form 22C (requiring less financial disclosure from below-median debtors).

**AND**, pursuant to L.B.R. 2016-2(a)(1), the court is authorized to allow counsel fees in chapter 13 cases involving below-median debtors of up to $3,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant elected to file the Application pursuant to L.B.R. 2016-2(a)(1), despite requesting compensation that exceeds the amount the court is authorized to allow in chapter 13 cases involving below-median debtors.

**AND**, the Applicant failed to file the Application in a form consistent with L.B.R. 2016-3.

It is hereby **ORDERED** that:

1. The Application is **GRANTED IN PART** AND **DENIED IN PART**.

2. Compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $0.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3. The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§ 330, 331, 503(b).

Dated: December 13, 2016

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Paul H. Young, Esquire
Young, Marr & Associates
3554 Hulmeville Road, Suite 102
Bensalem, PA 19020

2

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

Courtroom Deputy
Eileen Godfrey